UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRACY LYNN LLOYD,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,[1]

        Defendant.
_____

**DECISION AND ORDER**

1:17-CV-00644 EAW



## INTRODUCTION

Represented by counsel, Plaintiff Tracy Lynn Lloyd ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. 9; Dkt. 13). For the reasons discussed below, Plaintiff's motion (Dkt. 9) is granted in part, the Commissioner's motion (Dkt. 13) is denied, and the matter is

---

[1] As of the date of this Decision and Order, Nancy A. Berryhill, the Defendant named by Plaintiff in this matter, is no longer the Acting Commissioner of Social Security. No successor has been named in her place. The Clerk of Court is therefore instructed to substitute the "Commissioner of Social Security" as the Defendant, in accordance with Federal Rule of Civil Procedure 25(d).

remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed her application for DIB on November 13, 2013. (Dkt. 7 at 70).[2] In her application, Plaintiff alleged disability beginning December 15, 2008, due to neck fusion, loss of use of her right arm, shoulder injury, elbow injury, wrist injury, and thumb injury. (*Id.*). Plaintiff's application was initially denied on December 19, 2013. (*Id.* at 78-83). On February 19, 2014, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (*Id.* at 84-85). Thereafter, on June 30, 2015, Plaintiff filed her application for SSI. (*Id.* at 149-54).

A hearing on Plaintiff's claim was held before ALJ Stephen Cordovani in Buffalo, New York, on April 18, 2016. (*Id.* at 39-69). On May 25, 2016, the ALJ issued an unfavorable decision. (*Id.* at 20-38). Plaintiff requested Appeals Council review; that request was denied on May 16, 2017, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-9). This action followed.

## LEGAL STANDARD

I. **District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera*

---

[2] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

*v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not

have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2012. (Dkt. 7 at 25). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since December 15, 2008, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "status post-cervical spine fusion; multiple musculoskeletal and neurological conditions of the upper right extremity and left elbow; myofascial pain; bilateral knee patellofemoral arthritis status post-left knew meniscectomy[;] and total knee replacement." (*Id.*). The ALJ did not identify any non-severe medically determinable impairments. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 25-26). The ALJ particularly considered the criteria of Listings 1.02 and 1.04 in reaching his conclusion. (*Id.* at 26).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), with the additional limitations that Plaintiff:

> could perform occasional, non-repetitive lifting on the right side, up to 1 pound and that, otherwise, the right arm can be used only to assist with lifting performed with the left arm or hand. [Plaintiff] could occasionally twist, stoop and bend, but could never kneel, crouch, crawl, or climb ladders/ropes/scaffolds. [Plaintiff] could perform no overhead work or overhead reaching. [Plaintiff] could frequently reach, handle, and finger with

- 5 -

the left hand, and occasionally reach, handle, and finger with the right hand. [Plaintiff] could perform no repetitive pushing or pulling with the right arm. [Plaintiff] could perform no work requiring field of vision greater than 15 degrees above or below the horizon, or 45 degrees left or right of center, and [Plaintiff] could tolerate no exposure to extreme cold or humidity.

(*Id.* at 26-27). At step four, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that Plaintiff was capable of performing her past relevant work as a Senior Research Associate. (*Id.* at 32-33). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 33).

## II. Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse the Commissioner's decision, arguing that: (1) the ALJ's conclusion that Plaintiff was capable of performing the sitting, standing, and walking required by sedentary work was unsupported by substantial evidence; (2) the ALJ failed to identify good reasons for affording less than controlling weight to the opinion of treating physician Dr. Eugene Gosy; (3) the ALJ's RFC finding regarding Plaintiff's ability to move her head was unsupported by substantial evidence; and (4) the ALJ failed to properly assess Plaintiff's credibility. For the reasons set forth below, the Court finds that the ALJ failed to set forth good reasons for the weight assigned to Dr. Gosy's opinion and that this error necessitates remand for further administrative proceedings.

### A. Assessment of Dr. Gosy's Opinion

Because Plaintiff's claim was filed before March 27, 2017, the ALJ was required to apply the treating physician rule, under which a treating physician's opinion is entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence

in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2). Under the treating physician rule, if the ALJ declines to afford controlling weight to a treating physician's medical opinion, he or she "must consider various factors to determine how much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted). These factors include:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Id.* "An ALJ does not have to explicitly walk through these factors, so long as the Court can conclude that the ALJ applied the substance of the treating physician rule[.]" *Scitney v. Colvin*, 41 F. Supp. 3d 289, 301 (W.D.N.Y. 2014) (internal quotation omitted).

Whatever weight the ALJ assigns to the treating physician's opinion, he must "give good reasons in [his] notice of determination or decision for the weight [he gives to the] treating source's medical opinion." 20 C.F.R. § 404.1527 (c)(2); *see also Harris v. Colvin*, 149 F. Supp. 3d 435, 441 (W.D.N.Y. 2016) ("A corollary to the treating physician rule is the so-called 'good reasons rule,' which is based on the regulations specifying that 'the Commissioner "will always give good reasons"' for the weight given to a treating source opinion." (quoting *Halloran*, 362 F.3d at 32)). "Those good reasons must be supported by the evidence in the case record, and must be sufficiently specific . . . ." *Harris*, 149 F. Supp. 3d at 441 (internal quotation marks omitted). The Second Circuit "[does] not hesitate to remand when the Commissioner's decision has not provided 'good reasons' for the weight given to a [treating physician's] opinion and [it] will continue remanding when [it]

encounter[s] opinions from [ALJs] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 33.

In this case, Dr. Gosy, a pain management specialist, began treating Plaintiff in March 2008. (Dkt. 7 at 483). On February 26, 2016, Dr. Gosy completed a "Physical Residual Functional Capacity Questionnaire" related to Plaintiff. (*Id.* at 483-87). In the questionnaire Dr. Gosy opined, among other things, that during the course of a workday Plaintiff would be able to use her right hand, fingers, and arm to twist objects, engage in fine manipulations, and reach only 10% of the time. (*Id.* at 486). Dr. Gosy further opined that Plaintiff would be able to perform those same activities with her left hand, fingers, and arm only 75% of the time. (*Id.*).

In his decision, the ALJ gave "great weight" to much of Dr. Gosy's opinion. (*See id.* at 31). However, the ALJ rejected Dr. Gosy's opinion related to Plaintiff's ability to use her right hand, fingers, and arm. (*Id.*). The sole reason given by the ALJ for his rejection of this aspect of Dr. Gosy's opinion was that the right side manipulative limitations Dr. Gosy identified were purportedly "inconsistent with the right-handed claimant's activity level." (*Id.*). In particular, the ALJ claimed that Plaintiff had been able to "help install a floor, mulch a garden, and paint a bathroom, including behind the toilet, despite her impairments." (*Id.*).

The Court finds that the ALJ failed to give "good reasons" for his rejection of Dr. Gosy's opinion regarding Plaintiff's capacity to use her upper right extremity. The Court initially notes that "a reason . . . that relies on a mischaracterization of the record cannot be a good reason [for disregarding a treating source's opinion]." *Wilson v. Colvin*, 213 F.

Supp. 3d 478, 485 (W.D.N.Y. 2016) (internal quotation marks omitted). In *Wilson*, the court held that the ALJ had not provided "good reasons" for dismissing the treating physician's opinion when he mischaracterized evidence regarding the claimant's enjoyment of "mentally stimulating puzzles," which the ALJ thought "established that [the claimant] could not have 'significantly impaired concentration and persistence[.]'" *Id.* at 484-85. The court noted that "[w]hile [the plaintiff] did testify that he used Sudoku or word puzzles to try to get his mind off his pain, he qualified this by stating that he could only focus on doing a puzzle about 10 to 15 minutes before he became frustrated by his pain." *Id.* (internal citation omitted)).

In this case, the ALJ claimed that Plaintiff had "help[ed] install a floor" and that this activity was inconsistent with Dr. Gosy's opinion. (Dkt. 7 at 31). However, a review of Plaintiff's testimony reveals that her participation in the floor installation project was limited to bringing drinks for the workers and "picking the color of the board that would go next." (*Id.* at 55). Plaintiff specifically stated that she had <u>not</u> personally installed the floor boards. (*Id.*). The ALJ's decision mischaracterized the record, making it appear without basis that Plaintiff had used her right hand, fingers, and arm in a manner inconsistent with Dr. Gosy's opinion during the floor installation project. This was improper and cannot constitute a good reason for rejecting the opinion of a treating physician.

The Court further notes that while Plaintiff did report to her physicians on one occasion that she was mulching her garden using a wheelbarrow, she was immediately instructed to stop, in part because she "should not be pushing heavy wheel barrels [sic]."

(*Id.* at 524). Plaintiff also told the ALJ that she did not garden consistently. (*Id.* at 60). As with the floor installation project, the ALJ's decision ignored these pertinent details and overstated the record regarding Plaintiff's activities. Similarly, with respect to the time Plaintiff painted the bathroom, Plaintiff testified that she had done so out of a sense of guilt regarding relying on her parents for care and that the activity had caused her "terrible pain." (*Id.* at 58). Moreover, the ALJ made no inquiry into Plaintiff's use of her hands during this activity—namely, whether and to what extent Plaintiff used her right hand, arm, and fingers. As such, the ALJ ignored relevant information and reached conclusions that were unwarranted when properly considering Plaintiff's activities in context. *See Wilson*, 213 F. Supp. 3d at 484-85; *see also Kain v. Colvin*, No. 15-CV-6645-FPG, 2017 WL 279560, at *4 (W.D.N.Y. Jan. 23, 2017) (ALJ mischaracterized the record and improperly discounted treating physician's opinion where he failed to discuss the negative consequences of Plaintiff's purportedly inconsistent activities).

Moreover, even accepting the ALJ's characterization of Plaintiff's activities, "it is improper for the ALJ to substitute his judgment for that of the treating physician as to the significance of a claimant's ability to perform daily activities." *Gray v. Astrue*, No. 1:06-CV-0456 (NAM), 2009 WL 790942, at *10 (N.D.N.Y. Mar. 20, 2009). While "facts pertaining to a claimant's daily activities are pertinent," they cannot, standing alone, "constitute substantial evidence to rebut the conclusions of [claimant's] physicians." *Id.*; *see also Savage v. Colvin*, No. 15-CV-5774 (JFB), 2017 WL 776088, at *12 (E.D.N.Y. Feb. 28, 2017) ("inconsistencies between a plaintiff's daily living and a treating physician's opinion . . . should not be sufficient, by themselves, to discredit a treating physician's

opinion"); *Brown v. Barnhart*, 418 F. Supp. 2d 252, 262 (W.D.N.Y. 2005) (ALJ "improperly substituted his own opinion for the opinions . . . of plaintiff's treating physicians" where he "found plaintiff not disabled, based primarily on her activities of daily living"). In this case, the only reason the ALJ gave for rejecting Dr. Gosy's opinion regarding Plaintiff's ability to use her right hand, fingers, and arm was the purported inconsistency between Plaintiff's activities and that opinion. However, Dr. Gosy, who had treated Plaintiff for several years and was familiar with her history, apparently did not find those same activities indicative of greater ability than set forth in his opinion. The ALJ's mere disagreement with that conclusion, without <u>medical</u> evidence to corroborate that disagreement, is not a "good reason" to disregard it. No such medical evidence was identified or discussed by the ALJ. Accordingly, the Court finds that the ALJ failed to give good reasons for his assessment of Dr. Gosy's opinion, in violation of the treating physician rule.

The ALJ's error in this regard was not harmless. At the hearing in this matter, the VE testified that an individual who was limited to sedentary work and "could manipulate with their dominant hand no more than 10 percent of the day and manipulate with their nondominant hand no more than 75 percent of the day" would "not be able to maintain competitive employment." (Dkt. 7 at 67). As such, had the ALJ afforded controlling weight to Dr. Gosy's opinion, a finding of disability would have followed.

In light of the VE's testimony, the Court has considered whether further administrative proceedings are required or if the matter should be remanded solely for calculation and payment of benefits. "Under 42 U.S.C. § 405(g), the district court has the

power to affirm, modify, or reverse the ALJ's decision with or without remanding for a rehearing." *Peach v. Berryhill*, No. 1:17-CV-00201-MAT, 2018 WL 4140613, at *4 (W.D.N.Y. Aug. 30, 2018). "Remand for the purpose of calculation of benefits is warranted where the record demonstrates the claimant's disability, and where there is no reason to conclude that there is additional evidence to support the Commissioner's claim that a claimant is not disabled." *Morris v. Berryhill*, 313 F. Supp. 3d 435, 440 (W.D.N.Y. 2018). However, where there is conflicting evidence of record regarding a plaintiff's RFC, "further administrative proceedings are necessary." *Kress v. Barnhart*, 297 F. Supp. 2d 623, 624 (W.D.N.Y. 2004).

Here, the evidence of record regarding the functionality of Plaintiff's right upper extremity is mixed and includes an opinion from treating orthopedic surgeon Dr. Jeffrey Jones that Plaintiff is capable of sedentary work with lifting no more than one pound on the right and no repetitive pushing or pulling. (*See* Dkt. 7 at 406). While the ALJ did not articulate good reasons for declining to afford Dr. Gosy's opinion controlling weight, because of these conflicts in the medical evidence, the Court cannot conclude on the record before it that no such reasons could potentially exist. The Court therefore cannot remand solely for calculation and payment of benefits, and further administrative proceedings are necessary. *See Marthe v. Colvin*, No. 6:15-CV-06436(MAT), 2016 WL 3514126, at *10 (W.D.N.Y. June 28, 2016) (declining to remand solely for calculation and payment of benefits where there was "evidence in the record that might have supported the ALJ's rejection" of treating physicians' opinion).

B. **Plaintiff's Remaining Arguments**

As set forth above, Plaintiff has identified a number of additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13 CIV. 06844 LGS DF, 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 9) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 13) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: September 27, 2018
Rochester, New York